# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOACHIM STERN,

    Petitioner,

vs.

EARL HOUSER,

    Respondent.

Case No. 3:21-cv-00016-RRB

## AMENDED ORDER OF DISMISSAL AND DENIAL OF COA

Joachim Stern, representing himself from Goose Creek Correctional Center, filed a habeas petition under 28 U.S.C. § 2241, claiming the state court is denying his rights in his state criminal case.[1] The Court takes judicial notice[2] that Mr. Stern was arraigned and indicted on Class A Felony and Class A and B Misdemeanor charges in February 2020, that his criminal case in the Superior Court for the State of Alaska is still ongoing.[3]

---

[1] Docket 1; *State of Alaska v. Joachim Laron Stern*, Alaska Superior Court Case No. 3AN-20-00935CR.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[3] *See* https://records.courts.alaska.gov/eaccess, *Alaska v. Stern,* 3AN-20-00935CR, (showing dismissal by the prosecution of one felony charge, and showing representation hearing held on 5/26/21, and discovery hearing scheduled for 7/2/21).

The Court screened the Petition, using liberal construction,[4] and because a petitioner may properly challenge state pretrial detention under § 2241,[5] appointed counsel to represent Mr. Stern in these proceedings.[6] Counsel has now filed a Motion for Leave to Withdraw Pursuant to *Anders v. California*.[7]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[8] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[9]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[10] This habeas statute provides federal courts with general habeas corpus

---

[4] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[5] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004). *Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999) (federal courts have general habeas jurisdiction under 2241).

[6] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[7] Docket 15.

[8] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[9] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[10] 28 U.S.C. § 2241(c)(3).

jurisdiction.[11] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[12] When examining a § 2241 petition from a pretrial detainee claiming a violation of his or her right to a speedy trial, a significant delay in the proceedings must be shown.[13]

In *McNeely v. Blanas*,[14] the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[15] The four-part test articulated by the Supreme Court in *Barker* is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[16] The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[17]

---

[11] *See Magana-Pizano v. INS*, 200 F.3d at 608 & n.4.

[12] *Stow*, 389 F.3d at 885–88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.")).

[13] *See Barker v. Wingo,* 407 U.S. 514, 530–31 (1972).

[14] 336 F.3d 822, 826 (9th Cir. 2003).

[15] 407 U.S. 514, 530 (1972).

[16] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[17] *Id.* (citing *Barker v. Wingo*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F. Supp. 3d ___, 2020 WL 5995226 at *3 (E.D. Cal. Oct. 9, 2020)

I. **Appropriate Relief**

For relief, Mr. Stern requests his "release from the Dept. of Corrections for violation of [his] civil right[s] …"[18] The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[19] Thus, although a state may "impose conditions on an arrestee's release, such as bail … [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[20] Mr. Stern's request that he be released from incarceration also raises the issue of whether the state has set appropriate conditions for his release pending trial. This request for relief is appropriate under a § 2241 petition.[21]

Additionally, for state prisoners alleging speedy trial violations, the doctrine of abstention applies.

---

(Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted).

[18] Docket 1 at 8.

[19] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014)).

[20] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

[21] *Id.,* at *2.

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[22] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[23] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[24]

The Court of Appeals for the Ninth Circuit has directly addressed abstention, regarding the claim of a state court violating the right to a speedy trial, explaining:

---

[22] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[23] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[24] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[25]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Stern's criminal case in state court remains ongoing.[26] Mr. Stern's allegation, that he is being denied his right to a speedy trial in state court, should normally be addressed in his state court criminal proceedings.[27] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[28]

Counsel for Mr. Stern, in his Motion to Withdraw under *Anders v. California*,[29] concludes that "Mr. Stern does not have any non-frivolous claims for federal court intervention based upon the State of Alaska's purported violations of

---

[25] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo,* 882 F.3d at 764, 766–67).

[26] *See Alaska v. Stern,* Case No. 3AN-20-00935CR.

[27] *See Brown,* 676 F.3d at 900-901 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[28] *Page,* 932 F.3d at 903.

[29] 386 U.S. 738 (1967); *see also United States v. Griffy*, 895 F.2d 561 (9th Cir. 1990).

his federal constitutional rights to due process and a speedy trial as guaranteed under the Sixth and Fourteenth Amendments and the habeas statute."[30] Although Mr. Stern's "loss of liberty for the time of pretrial detention is 'irretrievable' regardless of the outcome at trial,"[31] he received bail hearings on February 26, 2020, March 24, 2020, and January 28, 2021.[32] And Mr. Stern's bail, while he awaits trial for felony robbery, is currently reduced to "a $250 performance bond and PED electronic monitoring with house arrest. However, Mr. Stern has been unable to obtain a suitable address for the electronic monitoring conditions. Consequently, he has remained incarcerated since he was charged on February 1, 2020."[33] And "[g]iven the seriousness of the charges that he faces, counsel cannot state that Mr. Stern's bail has been set in an amount higher than can be reasonably

---

[30] Docket 15 at 1, and Exhibit 1 (Affidavit of James Corrigan).

[31] *Page,* 932 F.3d at 904 (quoting *Arevalo*, 882 F.3d at 766); *see also United States v. Henning*, ___ F. Supp. 3d ___, 2021 WL 222355 at *8 (C.D. Cal. Jan. 19, 2021) ("The Court also is acutely aware of the statistics of how many people continue to be infected, hospitalized, and—tragically—die due to the coronavirus every day, all across the country. But the Constitution does not turn on these considerations. Instead, to protect the fundamental right to a speedy trial guaranteed by the Sixth Amendment, the Constitution requires that a trial only be continued over a defendant's objection if holding the trial is *impossible*.").

[32] Docket 15 at 2.

[33] *Id.*; *see also* Docket 15-1 at 1 (before appointment of counsel, bail was initially set at a $1,500 cash performance bond).

Case 3:21-cv-00016-RRB, *Stern v. Houser*
Amended Order of Dismissal
Page 7 of 11

calculated to assure Mr. Stern's appearance at trial while at the same time assuring the state's compelling governmental interest in assuring public safety."[34]

Moreover, continuances have been requested by Mr. Stern's attorney "due to discovery issues. Mr. Stern's counsel has not yet obtained the entirety of the discovery from the state of Alaska."[35] Further, Mr. Stern's state appointed lawyer has filed a motion to dismiss the indictment in his criminal case.[36] As pointed out by counsel in the current case, "in light of Mr. Stern's constitutional right to effective assistance of counsel, and opportunity to prepare a defense under the Sixth Amendment, the period of delay caused as a result of counsel's preparation of the case would be an improper basis for a speedy trial violation."[37]

These facts indicate that the federal court should abstain from intervening in state court proceedings.

## III. Exhaustion

Exhaustion is required under common law before bringing a federal petition under 28 U.S.C. § 2241.[38] Although there is no statutory exhaustion requirement

---

[34] *Id*. at 7.

[35] *Id*.

[36] *Id*. at 3, 6.

[37] *Id*. at 6.

[38] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted *available* state remedies); *Stow*, 389 F.3d at 886. "The exhaustion requirement addresses the same concerns of comity

for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless special circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[39]

Given status of Mr. Stern's state criminal case, this Court will only address Mr. Stern's speedy trial claim after his remedies are appropriately and fully exhausted in his state court case.[40]

---

between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.')." *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247 at *2 (N.D. Cal. Nov. 29, 2017) (unpublished).

[39] *Carden*, 626 F.2d at 83–85.

[40] *See, e.g., Stack*, 342 U.S. 1, 6–7 (1951) ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

THEREFORE, **IT IS HEREBY ORDERED**:

1. The Motion for Leave to Withdraw Pursuant to *Anders v. California*, at Docket 15, is GRANTED.

2. This case is DISMISSED.

3. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of appealability.[41] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[42]

4. Any other outstanding motions are DENIED as moot.

---

[41] *See* 28 U.S.C. 2253(c):
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted); *see also Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement.

For the reasons set forth in this Order, Mr. Stern has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. Stern has not been incarcerated for a substantial time under federal law, especially considering the pandemic that delayed criminal proceedings nation-wide. He may make his arguments in his 2020 state criminal proceedings.

[42] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

5. The Clerk of Court will enter Judgment accordingly.

Dated at Anchorage, Alaska, this 20th day of July, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge